[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12688
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20449-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS FUENTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2020)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Alexis Fuentes appeals his 84-month sentence on substantive reasonableness grounds. Fuentes argues that the district court abused its discretion by varying upward because it placed exclusive weight on the need to protect the public from his future crimes. We disagree, and we therefore affirm Fuentes's sentence.

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted). A district court need not discuss each 18 U.S.C. § 3553(a) factor individually if it acknowledges, generally, that it considered the "defendant's arguments and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks and citation omitted). Although "a district court's unjustified reliance [on] any one § 3553(a) factor" may be indicative "of an unreasonable sentence," *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (alteration adopted) (internal quotation marks and citation omitted), a district

2

court does not abuse its discretion by giving substantial weight to a § 3553(a) factor if the sentence imposed "was necessary to achieve the goals of sentencing." *Osorio-Moreno*, 814 F.3d at 1288.

Here, the district court did not, as Fuentes argues, "unjustifiably rel[y] upon a single § 3553(a) factor to the exclusion of [the] other[s]." The district court stated that, in coming to its sentencing decision, it considered § 3553(a) in its entirety. Although the district court did emphasize the need to "protect[] the public" from Fuentes given his string of previous robberies, it recognized that protecting the public is only one "part of sentencing." Moreover, we have held that a district court may place "great weight" on the need to "protect the public" from the defendant's future crimes—particularly where, as here, "shorter sentences . . . had not been enough to protect the public from [the defendant's] lawlessness." *United States v. Shaw*, 560 F.3d 1230, 1237, 1240–41 (11th Cir. 2009) (quotation omitted). Finally, the sentence imposed by the district court—84 months—was well below the 240-month statutory maximum, which we have held is indicative of a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324.

Accordingly, we affirm.

**AFFIRMED.**

3